TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TIERRA PERKINS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC. a Foreign Corporation,<br><br>Defendant. | CASE NO:<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

COMES NOW, Plaintiff TIERRA PERKINS (hereinafter, "Plaintiff"), by and through her counsel, the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendant as follows:

**PARTIES**

1. At all times relevant hereto, Plaintiff, residing in Nevada, was employed by Defendant within the meaning of the definition of 42 U.S.C. § 12101, Title I and V or the American's with Disabilities Act of 1990, and amendments thereto, (ADAA) and 42 U.S.C. Section(s) 1201 *et seq.*, Title VII of the Civil Rights Act of 1964, and laws of the State of Nevada.

///

///

///

2. Upon information and belief, at all times relevant hereto, Defendant is or were a domestic or foreign corporation or similar business entities organized and existing under the laws of the State of Nevada or which regularly conducted business in Nevada or were foreign corporations which regularly conducted business in Nevada.

3. Defendant regularly employ fifteen or more persons.

**JURISDICTION AND VENUE**

4. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

5. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, or resided, and Defendants reside or resided, and/or regularly conducts business and where all the wrongful conduct occurred.

6. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

**ADMINISTRATIVE PREREQUISITES**

7. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 by timely filing a formal charge of discrimination with the Nevada Equal Rights Commission [hereinafter "NERC"]. See, Exhibit One. NERC has a file sharing agreement with the Equal Employment Opportunity Commission [hereinafter "EEOC"]. Plaintiff promptly and diligently accommodated all EEOC requests for information and fully cooperated in the agency's investigation of this matter.

8. Upon information and belief and at all relevant times, Defendant employed in excess of fifteen (15) employees for at least twenty (20) calendar weeks from 2015 to the present time and was further engaged in an industry directly affecting interstate commerce. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff has timely filed this action.

**FACTUAL ALLEGATIONS**

9. Plaintiff is a woman. She was hired by Defendant in August 2019. She was a mother with a new-born baby that was breast fed. Her hiring was delayed due to her pregnancy. She requested to use breaks to pump breastmilk. Defendant's employee supervisors of Plaintiff stated that her breaks were an "inconvenience" and made disparaging comments regarding Plaintiff's use of breaks to pump breastmilk and falsely stated or implied that Plaintiff was malingering and would tell Plaintiff to "hurry up," which caused Plaintiff to become very anxious and a decrease in her breastmilk production.

10. Plaintiff is a qualified individual with a disability within the meaning of the ADAA. Plaintiff informed Defendant's Human Resources Department that she contracted a disability, a physical impairment that substantially limits one or more major life activities. Plaintiff, a forklift operator, requested a reasonable accommodation in the form of rest and time off from work when experiencing a flare up of disability symptoms, but could otherwise she could do her job duties perfectly well.

11. Plaintiff reported to a third-party company her need for accommodation in the form of time off from work when she had a flare up of disability symptoms and complied with all requests for information regarding her disability and medical accommodation requests. Defendant applied negative points to Plaintiff without regard for Plaintiff's request for accommodation and refused to engage in an interactive process to discuss Plaintiff's absences from work.

12. Plaintiff became pregnant. Plaintiff requested time off from work for a medical procedure resulting in the termination of Plaintiff's pregnancy. Plaintiff's supervisor named Butterbredt told Plaintiff that her another male supervisor of Plaintiff named Frederickson had made disparaging remarks regarding Plaintiff to other employees regarding the termination of Plaintiff's pregnancy and her use of breaks to pump her breastmilk. On April 27, 2020, Plaintiff engaged in a protective activity by reporting a written discrimination report to Defendant's Human Resources Department. Plaintiff's employment with Defendant was then terminated approximately one week later.

13. Defendant's stated reason for terminating Plaintiff is pretextual and untrue. Plaintiff was subjected to harassment and hostility and the failure to be reasonably accommodated, and she was truly terminated for complaining of harassment and hostility in the workplace, the failure to accommodate her and the fact her employer invaded her privacy.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Discrimination Under State and Federal Anti-Discrimination Statutes in Violation of Title VII: National Origin, Race, Color and Sex)

14. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

15. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to hostility, harassment and gender motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified tolerated by her employer.

16. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering,

mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

17. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

18. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

**SECOND CAUSE OF ACTION**

**(Retaliation in Violation of Title VII: National Origin, Race, Color and Sex)**

19. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

20. Defendant retaliated against Plaintiff for her complaints of hostility, harassment and gender motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified tolerated by her employer.

21. Such adverse employment actions by Defendant was in violation of the law.

22. As a result of Defendant's above-stated actions, Plaintiff has suffered deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

23. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

**THIRD CAUSE OF ACTION**

**(Violation of Nevada Statutory Protections)**

24. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

25. NRS § 613.330 makes it unlawful for an employer to permit gender harassment, hostility in the workplace, or to discriminate against any employee because of their age or gender. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to sexual harassment and hostility in the workplace, as well as gender and age related and motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified tolerated by her employer.

26. As a direct and proximate result of Defendant's violation of N.R.S. § 613.330, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, Plaintiff seeks all legal and equitable remedies available at law.

27. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

28. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

**FOURTH CAUSE OF ACTION**

**(Wrongful Termination Under the ADAA)**

29. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

30. Defendant refused to provide Plaintiff with reasonable accommodation for her workplace issues, although Plaintiff was capable of performing her duties if accommodated.

31. Defendant continually, intentionally, and in a discriminatory manner refused to accommodate Plaintiff in her position and terminated her because of her disability as well as for discriminatory reasons related to her gender and reporting of discrimination and retaliation.

32. Defendant's termination of Plaintiff was not based upon any medical justification or other reasonable reason and was discriminatory as to Plaintiff. Defendant terminated Plaintiff without just cause and because of her disability request for accommodation.

33. Such adverse employment actions by Defendant were in violation of the ADAA.

34. Following Defendant's termination of Plaintiff, based upon information and belief, Plaintiff was replaced by a non-disabled individual.

35. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

36. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

37. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

///

///

**SEVENTH CAUSE OF ACTION**

**(Invasion of Privacy)**

38. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

38. Plaintiff had an actual expectation of privacy and confidence that her medical issues would not be disclosed to employees.

39. Defendant intentionally intruded upon Plaintiff's expectation of privacy and confidence by disclosing her medical issues to employees. This intrusion highly offended Plaintiff and would be offensive to any reasonable person.

40. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

41. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

42. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

///

///

///

///

**REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendant as follows:

1. Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, and benefits and reinstatement of sick leave time that Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay;

2. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

3. An award to Plaintiff for general damages, including but not limited to emotional distress damages, within this Court's jurisdiction subject to proof;

4. An award to Plaintiff for exemplary and/or punitive damages;

5. An award to Plaintiff for reasonable attorney's fees and costs, including but not limited to expert witness fees, and as provided under state law;

6. An award to Plaintiff interest on any awards at the highest rate allowed by law; and such other and further relief as this Court deems just and appropriate.

Dated this 28th day of June 2021.

**HATFIELD & ASSOCIATES, LTD.**

By: /s/ *Trevor J. Hatfield*

Trevor J. Hatfield, Esq. (SBN 7373)
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
*Attorney for Plaintiff*